The President now delivered the opinion of the Court.
Shippen, President.
We have found some difficulty in obtaining a satisfactory idea of the meaning of the second section of this act. It would seem, by the former part, that the exception, upon *247 which the Capias is grounded, ought to be made appear to the Justice who grants the writ; but, in the latter part, when the disjunction of the clause occurs, the expression is general, if the Plaintiff can make appear from records or otherwise, without saying to whom he shall make his allegation appear. At first, indeed, I thought this might also relate to the Justice who grants the writ; but on a further consideration of the subject, I am convinced, that unless the legislature intended something more, it would never have been provided by the third section, that the Court shall stay all proceedings against the Defendant, till they examine his circumstance; for, it would have been useless and nugatory to direct that examination, if they were, nevertheless, bound by the contents of the affidavit.
Besides, upon the principles of common justice, it is material, that the Court should have the power of making an enquiry into the facts; for, though the Plaintiff’s opinion is taken, in the first instance, to ascertain whether there is a sufficient estate left for the payment of his demand; yet it would be unreasonable to deprive the Defendant of his privilege, if he could, afterwards, shew, that, independent of a trifling mortgage or judgment, an ample security was left for his adversary’s debt. Nor is the equity of the case less applicable upon the question of residence; for, an occasional absence of a month, or a week, might with safety be made the foundation of the affidavit required by the act; and, yet, who will say, that, in law or reason, this ought to work a disfranchisement of the Defendant?
The law is explicit, that if the Court find the Defendant is such, as by the act is intended to be exempted, the writ shall be abated; and this, surely, also implies something beyond a mere enquiry, whether an affidavit has been previously filed. If he is such “as by the act is intended to be exempted,” is a sentence materially to be regarded in the clause; for, otherwise, it would have been sufficient to say, that if no affidavit is filed, nor any mortgage or judgment is produced, the Defendant shall be discharged from the action.
It is evident, upon the whole, that the Legislature did not mean to subject a citizen of large estate to the process of a Capias, on account of a short absence from the state; and, therefore, we are of opinion, that they have left a controuling power in the Court to enquire into the circumstances of the case, and to relieve a Defendant from an arrest, if we think he was intended to be exempted, although the words, that he has not been resident, may be inserted in the Plaintiff’s affidavit.
The Defendant was, accordingly, allowed to controvert the fact, of his not being resident in the State for two years before the writ issued. *

See post the same case.